FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 21 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------- x
PACE INDUSTRY UNION-
MANAGEMENT PENSION FUND and
BOARD OF TRUSTEES OF THE PACE
INDUSTRY UNION-MANAGEMENT
PENSION FUND,

           Plaintiffs,

-against-

WELSH GOLD STAMPERS,

           Defendant.
----------------------------------------------- x

MEMORANDUM & ORDER

15 Civ. 0159 (ENV) (CLP)

VITALIANO, D.J.

    Plaintiffs brought this action asserting violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by Welsh Gold Stampers ("Welsh Gold") stemming from its alleged failure to make contributions and pay surcharges to the Pace Union-Management Pension Fund (the "Fund") beginning in mid-2012. (Compl. ¶ 10, ECF No. 1). After Welsh Gold failed to respond to the complaint and the Clerk of Court entered a certificate of default, the Fund moved for default judgment. (Pls. Mot., ECF No. 18). That motion was granted, and the matter was referred to Magistrate Judge Cheryl L. Pollak for an inquest as to damages and to make a report and recommendation as to her findings. (Mem. and Order, ECF No. 19).

    On February 4, 2016, Magistrate Judge Pollak issued a report and recommendation ("R&R") that recommended an award of $307.47 in delinquent contributions, $204.71 in liquidated damages and interest on the delinquent contributions, $353,281 in withdrawal liability, $70,656.20 in liquidated damages on the withdrawal liability, $71,316.10 in prejudgment interest, $12,389.90 in attorneys' fees, and $600 in costs, for a total award of $508,755.38. With

1

notice given, no party has filed objections to the R&R. For the reasons stated below, the R&R is adopted in its entirety.

## Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the district court may adopt the report and recommendation, "provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

## Discussion

In accord with tradition extending beyond the memory of man, default judgment is appropriate when the movant complies with procedural rules following a party's failure to respond to the complaint. *See* E.D.N.Y. Local Civ. R. 7.1(a), 55.2(b). Notwithstanding, the Second Circuit has recently explained that "prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). That issue was not squarely referred to

Magistrate Judge Pollack. The Court, however, now finds, *nunc pro tunc*, that the complaint has plausibly alleged defendant's liability as a matter of law.

In accordance with the Court's referral to her, Magistrate Judge Pollack took up the issue of damages and has concluded that the Fund has plausibly pleaded and established, at inquest, the liability of Welsh Gold.

The Court has now reviewed the R&R in accordance with the applicable clear error standard of review, and finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R as to damages in its entirety as the opinion of the Court.

## Conclusion

In line with the foregoing, Magistrate Judge Pollak's report and recommendation, dated February 4, 2016, is adopted in its entirety as the opinion of the Court.

The Clerk of Court is directed to enter judgment for plaintiffs in the amount of $508,155.38, plus costs of $600, in accordance with this memorandum and order. The Clerk of Court is further directed to close this case.

So Ordered.

Dated: Brooklyn, New York
March 17, 2016

s/ENV

ERIC N. VITALIANO
United States District Judge